18164

WOODFIELDS, INC., Respondent, v. GANTT WATER AND SEWER DISTRICT, Appellant

(134 S. E. (2d) 749)

*Messrs. Riley & Riley,* of Greenville, *for Appellant,*

*Messrs. Wyche, Burgess & Wyche,* of Greenville, *for Respondent,*

February 6, 1964.

TAYLOR, Chief Justice.

In this action plaintiff, hereinafter referred to as Woodfields, seeks compensation from defendant, hereinafter referred to as Gantt, for its one-half interest in certain water distribution lines which Gantt had taken over in 1954-55. The water distribution lines in question are in the "Sorney Mason Tract," a part of the Belle Meade subdivision in Greenville County, lying to the west of the City of Greenville, and were jointly installed pursuant to a written agreement between Woodfields and Derby Heights, Inc., prior to acquisition by Gantt.

In 1959 Derby Heights obtained a judgment against Gantt for its water distribution system in the Belle Meade subdivision, which included its interest in the lines in the Sorney Mason Tract. (See *Derby Heights, Inc., v. Gantt Water and Sewer District Commission,* 237 S. C. 144, 116 S. E. (2d) 13.) Woodfields filed a brief as *amicus curiae* in the *Derby Heights case.*

Gantt contends that it has made payment in full for the water lines in the Belle Meade subdivision, which includes those claimed by Woodfields. In addition Gantt asserts that Woodfields is guilty of laches and is thereby estopped from prosecuting its claim; that the ownership of the water lines in question has been adjudicated in the *Derby Heights case* and is, therefore, *res judicata* as to this action.

The Master found, and the Circuit Judge concurred, that Woodfields was the owner of a one-half interest in the water distribution system in the Sorney Mason Tract and had not received payment therefor in that defendant had not paid for the remaining one-half of the cost. The findings of the Master relative thereto state:

" * * * I have carefully reviewed the record in the *Derby Heights case* (which was heard by me) and am satisfied from the record in that case and the case at hand that Derby Heights has not been reimbursed for the one-half cost in the lines paid by Woodfields and that the defendant has never paid for this remaining one-half cost. It seems undisputed that had Derby Heights claimed the remaining one-half cost, the amount of its judgment against defendant would have been increased by $2,908.98 [the amount claimed by Woodfields] and that the District would have thereby paid the full value.

" * * * The evidence is convincing that if, in fact, the $32,000.00 paid by the defendant to Derby Heights was in excess of the value of the entire water system in Belle Meade, such excess was in relation to some other part of the Belle Meade water system rather than in connection with the water lines jointly owned by plaintiff and Derby Heights. This follows because the testimony is convincing that defendant has not paid by one-half the true value of the water lines in question."

Findings of fact by the Master concurred in by the Circuit Judge are conclusive upon the Supreme Court and will not be disturbed upon appeal in the absence of a showing that such findings are without evidentiary support or are against the clear preponderance of the evidence. 3 S. C. Digest, Appeal and Error, § 1022 (2) and (3). Here Appellant has made no showing which would warrant disturbing the concurrent findings of the Master and Trial Judge.

For the foregoing reasons we are of opinion that all exceptions should be overruled and the Order appealed from affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.